Opinion by
White, P. J.
§ 232. Agency; proof of Agency cannot be proved by the declarations of the supposed agent. Such declarations are not admissible to establish agency. If acts of an agent are relied upon to prove agency, the acts offered in evidence must be within the apparent scope of the agency proposed to be proved. [W. & W. Con. Rep. §§ 230, 586.]
§ 233. Implied agency; rules relating to. “When an agency arises by implication and presumption, from the facts and circumstances of the case, the nature and extent of the authority conferred upon the agent will be ascertained and limited in the same manner., and be governed by the same considerations, which control in the construction of an express authority which is conferred in general terms. If the agency arises by implication, from several previous acts done by the agent with the tacit consent or acquiescence of the principal, such agency will be limited to acts of a like nature.” [I Wait’s Act. & Del 230.] “If the agency arises from authority to do a single or particular act, it is limited to the appropriate means of accomplishing that very act, and the required end; and it extends no further. In brief, an implied agency is never construed to extend beyond the obvious purposes for which it is apparently created.” [Id. 231.] “The mere existence of the relation of agency establishes ho agency further than is necessary for the discharge of the duties ordinarily belonging to it.” [1 *180 G-reenl. Ev. (13th ed.) § 64a.] In this case Trice & Johnson sued the railroad company to recover the value of beef furnished to one Barker’, claiming that Barker was the agent of the company, and authorized to bind it for the beef purchased by him. Barker was roadmaster for the company, and he also kept a boarding or eating house in some box cars belonging to the company, which cars were furnished him by the company free of charge. He fed and lodged hands who were in the employ of the company. The beef furnished by Trice & Johnson was for the boarding house kept by Barker. Barker, when he purchased the beef, told Trice that the company was responsible for it. ' There was no evidence, except the declarations of Barker, that he had any authority to bind the company for the beef. Held, that there was no sufficient proof that Barker was the agent of the company authorized to bind it by the purchase of the beef.
§ 28*4. Special agent; principal not bound for acts of, unless, etc. That a party is agent for another does not render such other liable for every contract the agent may make. To be binding upon the principal, the contract must come within the apparent scope of the agent’s authority. With regard to special agents, the rule is that if the agent exceeds the special and limited authority conferred on him, his principal is not bound by his acts, but they become mere nullities so far as he is concerned, unless, indeed, he has held him out as possessing a more enlarged authority. [Story on Agency (9th ed.), § 126.] The agency conferred upon a roadmaster is special, and does not confer authority to bind the company for provisions purchased to supply a boarding house.
§ 235. Notice of want of agent’s authority; effect of. If a party dealing with an agent has notice of the authority under which such agent acts, or of such facts as will put him upon inquiry as to the extent of such authority, then the principal will not be bound by the acts of the agent not contained in the authority conferred. If a party has notice that an agent is acting under a *181 special contract, made with his principal, or if he has notice of such facts as will put him upon inquiry as to such contract and its terms, he will, at his peril, contract with said agent, and if the agent exceeds the authority given him, the principal will not be bound. [W. & W. Con. Rep. § 291.]
June 7, 1884.
§ 236. Custom or usage; rules as to. A custom, to be binding, must be general1 and long acquiesced in. [Haywood v. Middleton, 3 McCord, 121.] “To permit usage to govern and modify the law in relation to the dealings of parties in any case, it must be uniform, certain and sufficiently notorious to warrant the legal presumption that the parties made their contract with reference to the usage, and not according to the general and established law applicable to the case.” [6 Wait’s Act. & Def. 636.]
Reversed and remanded.